IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,        :
                Petitioner    :
                            :
         v.                :   No. 917 C.D. 2020
                            :   Submitted: June 17, 2022
Naziyr Bell (Office of       :
Attorney General),         :
                Respondent   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                     FILED: November 2, 2022


The Pennsylvania State Police (the PSP) petitions for review of the order of the Administrative Law Judge (ALJ) of the Office of Attorney General (OAG), which overruled the PSP's denial of an application to purchase a firearm filed by Naziyr Bell (Respondent).[1] On appeal, we consider whether the ALJ erred in finding the PSP failed to meet its burden on the element of interstate commerce, which is implicitly required by Section 6105(c)(9) of the Pennsylvania Uniform Firearms Act of 1995 (UFA), 18 Pa. C.S. § 6105(c)(9).[2] Our recent decision in *Pennsylvania State Police v. Madden*, __A.3d___ (Pa. Cmwlth., No. 918 C.D. 2020, filed October 21, 2022), is instructive here. As in *Madden*, we vacate and remand to the ALJ for further proceedings on the limited question of interstate commerce.

---

[1] Respondent, who is *pro se*, was precluded from filing a brief in this matter for failure to comply with this Court's June 10, 2021 order requiring him to file a brief within 14 days. Cmwlth. Ct. Orders, dated 6/15/22.

[2] 18 Pa.C.S. §§ 6101-6128.

# I. BACKGROUND[3]

On September 9, 2006, Respondent was arrested after a domestic violence incident involving his wife. He pleaded guilty to the charge of Disorderly Conduct - Engage in Fighting,[4] which is a misdemeanor of the third degree.

On May 20, 2018, over 10 years later, Respondent attempted to purchase a firearm in Pennsylvania. This action triggered a Pennsylvania Instant Check System (PICS)[5] background check, and Respondent's purchase request was denied. Meanwhile, during this time, this Court issued its decision in *Navarro v. Pennsylvania State Police* (Pa. Cmwlth., No. 1433 C.D. 2017, filed May 17, 2018) (unreported), 2018 WL 2247193 (*Navarro I*), *aff'd*, 212 A.3d 26 (Pa. 2019) (*Navarro II*). In *Navarro I*, we vacated and remanded for incompleteness where the ALJ made no finding on the issue of interstate commerce when reviewing a firearm application denial under Section 922(g) of the Federal Gun Control Act of 1968 (FGCA), 18 U.S.C. §922(g).[6]

After the PSP's denial of his purchase request in the instant case, Respondent submitted a firearm application (application) to PICS. That day, the PSP issued an initial written denial of Respondent's application, explaining that his 2006 disorderly conduct conviction involved domestic violence and, therefore,

---

[3] Unless stated otherwise, we derive this background from the decision of the ALJ, which is supported by the record. *See* ALJ Op. & Order, 8/21/20.

[4] 18 Pa.C.S. § 5503(a)(1).

[5] The General Assembly delegates to the PSP the authority to regulate individual firearm possession "under Federal or State law." 18 Pa.C.S. § 6111.1(b)(1)(i). Pursuant to this delegation, the legislature created the Pennsylvania Instant Check System (PICS), the state's digitized background check database, to afford the PSP instantaneous access to an applicant's criminal and mental health records at the local, state, and federal level. *See* 18 Pa.C.S. § 6111.1(b)(3)(i).

[6] 18 U.S.C. §§ 921-931.

prohibited his firearm purchase.[7]  Specifically, the PSP cited Section 922(g)(9) of the FGCA and Section 6105(c)(9) of the UFA.  The letter provided Respondent the opportunity to respond with additional information or evidence for the PSP's review. Respondent did not respond.   Thereafter, the PSP issued a final written notice, upholding the firearm denial for the above-stated reasons.  Respondent appealed to the OAG.

At the June 21, 2019 evidentiary hearing, the PSP introduced evidence documenting Respondent's conviction and that he had used physical force and/or violence during its commission.  *See* Certified Record (C.R.), Item No. 1, Hearing Transcript, Notes of Testimony (N.T.), 7/21/19, at 26-27.  Although Respondent denied the details of the domestic incident, he acknowledged that he had pleaded guilty to disorderly conduct.  *See id.*  The ALJ questioned the PSP's Counsel as to whether the PSP was required to present evidence on the nexus between the relevant firearm and interstate commerce.  *Id*. at 26-27.  The PSP's Counsel declined that evidence was needed on this issue, stating, "[n]o, first off, the issue is not raised. Secondly, this case involves both the State and Federal firearm prohibition.  So from the [PSP's] perspective no, it's not – it's not necessary to – to raise that issue at all." *Id*.  The ALJ also inquired about the relationship between the federal and state gun prohibitions.  *Id*. at 29-30.  The PSP's Counsel acknowledged "they are very – they are very parallel prohibitions" and although initially hesitant, the PSP's Counsel ultimately agreed that the federal prohibition is a predicate offense to the state prohibition.  *Id*.

---

[7] The PSP initially denied Respondent's firearm application due to similar convictions in both 2006 and 2003. However, the ALJ granted the PSP's request to amend its denial letter to rely only on the 2006 conviction, which remains the sole underlying conviction for Respondent's firearm denial.  Certified Record (C.R.), Item No. 1, Hearing Transcript, Notes of Testimony (N.T.), 7/21/19, at 6-8.

On July 17, 2019, nearly one month after the ALJ's evidentiary hearing, our Supreme Court issued its decision in *Navarro II*. The *Navarro II* Court held that the PSP must present proof that an involved firearm affected interstate or foreign commerce to lawfully deny a firearm application under Section 922(g) of the FGCA.

On August 21, 2020, the ALJ reversed the PSP's denial of Respondent's firearm application.[8] In particular, the ALJ criticized the PSP's failure to submit *any* evidence showing that the relevant firearm was moved in or affected interstate commerce. *See* ALJ Op. & Order at 14-16. Accordingly, the ALJ concluded that the PSP's denial of Respondent's application was unlawful under both Section 922(g) of the FGCA and Section 6105(c) of the UFA. *Id.* at 16-17.

The PSP timely petitioned this Court for further review.[9, 10]

## II. ISSUES

After thorough review, we find that the PSP mirrors the arguments previously raised in *Madden*. Effectively, the PSP argues that the ALJ erred in addressing the interstate commerce element *sua sponte*; the plain language of Section 6105(c) of the UFA does not require proof of interstate commerce; and in the alternative, it is entitled to a remand in light of *Navarro II*. PSP's Br. at 11-15.

---

[8] ALJ William Ross Stoycos issued decisions in *Madden* and the present matter on the same date, August 21, 2020.

[9] On September 8, 2020, the PSP timely sought reconsideration and leave to reopen the record for the limited purpose of presenting evidence on the interstate commerce element. However, the application for reconsideration was denied by operation of law. *See* 1 Pa. Code § 35.241(d).

[10] This Court "will affirm the decision of an administrative agency unless constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or any finding of fact made by the agency and necessary to support its adjudication is unsupported by substantial evidence." *A.L. v. Pa. State Police*, 247 A.3d 120, 126 n.6 (Pa. Cmwlth. 2021) (internal citations omitted).

Although duplicative analysis on identical issues contravenes judicial economy, we will address the PSP's arguments briefly to ensure a comprehensive review on appeal.

### III. DISCUSSION

Our discussion begins with a review of *Madden*, which is directly analogous to the present matter. In *Madden*, the applicant, like Respondent, was convicted of a misdemeanor crime of domestic violence. *Madden*, slip op. at 2. The applicant sought return of his firearm through a PICS firearm application, which the PSP denied under Section 922(g)(9) of the FGCA and Section 6105(c)(9) of the UFA. *Id*. at 2-3. Like here, after an evidentiary hearing, but before the ALJ's order, our Supreme Court issued *Navarro II*. *Id*. at 3-4. The ALJ reversed the denial of the applicant's firearm application, finding that the PSP did not present evidence of the interstate commerce element required for a lawful denial under Section 922(g)(9) of the FGCA. *Id*. On appeal, we vacated the ALJ's order and remanded with instructions to hold an evidentiary hearing on the sole issue of interstate commerce following our Supreme Court's decision in *Navarro II*. *Id*. at 9-10.

Here, the PSP argues that the ALJ erred in raising the issue of interstate commerce *sua sponte*. We disagree. As we discussed in *Madden*, the Supreme Court's decision in *Navarro II* applies retroactively, and, therefore, the ALJ was required to render a finding as to whether a nexus existed between the requested firearm and interstate commerce pursuant to Section 922(g)(9) of the FGCA. *Id*. at 6-7.

The PSP also argues that the interstate commerce element does not apply to the denial of Respondent's application based on a plain language reading of

Section 6105(c) of the UFA.[11]  Again, we disagree.  Section 6105(c)(9) of the UFA adopts the prohibitory language set forth in Section 922(g)(9) of the FGCA, which disallows anyone "who has been convicted in any court of a misdemeanor crime of domestic violence" from possessing a firearm that has been "*in or affecting* [*interstate*] *commerce*."  18 U.S.C. § 922(g)(9) (emphasis added).  Accordingly, bound by this plain language of both statutes, proof of the interstate commerce element is required to satisfy a firearm application denial under Section 6105(c)(9) of the UFA.  *Madden*, slip op. at 7-8.[12, 13]

Finally, the PSP argues that, in the alternative, a remand is appropriate. Here, we agree.  Because this matter was pending during the disposition of *Navarro II*, a remand is appropriate to provide both parties a chance to present evidence and argument on the issue of interstate commerce at a further evidentiary hearing. Precedent supports a decision to vacate and remand based on new Pennsylvania Supreme Court precedent which was pending at the time of the appeal.  *Id.* at 9, *Kline v. Travelers Pers. Sec. Ins. Co*., 223 A.3d 667, 691 (Pa. Super. 2019).[14]

---

[11] Our standard of review when interpretating a statute is *de novo*, and our scope of review is plenary.  *Czachowski v. Zoning Bd. of Adjustment of City of Pittsburgh*, 271 A.3d 973, 979 n.9 (Pa. Cmwlth. 2022).  Generally, our best indication of legislative intent is by a statute's plain language.  *Id*.

[12] Further, the PSP's argument is at odds somewhat with its position at the evidentiary hearing in this matter, where it acknowledged the relationship between Section 6105(c) and Section 922(g).  *See* N.T. at 29-30 (stating that it would be "fair to say" that "the [f]ederal prohibition is a predicate to application of the [s]tate prohibition").

[13] Not every provision of the UFA incorporates the FGCA to require proof of interstate commerce. However, Section 6105(c), the only state firearm prohibition provision before us, *does*.

[14] Superior Court decisions "are not binding on this Court, but they offer persuasive precedent where they address analogous issues."  *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

6

## IV. CONCLUSION

In accordance with the Supreme Court's decision in *Navarro II*, and the decision of this Court in *Madden*, firearm application denials under either Section 6105(c) of the UFA or Section 922(g) of the FGCA require proof of interstate commerce. Although the ALJ properly reversed the PSP's denial of Respondent's firearm application for its failure to present such proof, the issuance of *Navarro II* during the pendency of this appeal requires that we remand to afford the parties the opportunity to present evidence and argument on the issue of interstate commerce. Therefore, after careful review, we vacate the ALJ's order and remand for an evidentiary hearing on the issue of interstate commerce.

LORI A. DUMAS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,       :
                Petitioner     :
                                :
         v.                    :    No. 917 C.D. 2020
                                :
Naziyr Bell (Office of          :
Attorney General),             :
               Respondent    :

# **O R D E R**

AND NOW, this 2nd day of November, 2022, in light of our Supreme Court's decision in *Navarro v. Pennsylvania State Police*, 212 A.3d 26 (Pa. 2019), the order of the Administrative Law Judge (ALJ), Office of Attorney General, entered August 21, 2020, in the above-captioned matter, is VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with the attached opinion.

Jurisdiction relinquished.

 

                         _____
                         LORI A. DUMAS, Judge